IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALONZO LOPERA GAONA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-310J |
| | ) | |
| v. | ) | Judge Gibson |
| | ) | Magistrate Judge Caiazza |
| JOHN ASHCROFT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

It is respectfully recommended that the Defendants' Motion for Summary Judgment (Doc. 25) be granted.[1]

In this *Bivens* action, Alonzo Lopera Gaona ("Gaona" or "the Plaintiff") complains he has been denied adequate medical treatment in violation of the Eighth Amendment. He also alleges a violation of the First Amendment.

### BACKGROUND

Gaona's claim of deliberate indifference is based on the medical treatment of a sore throat.

On April 1, 2002, medical personnel obtained a throat culture for laboratory testing, and the result was negative. He was prescribed Ibuprofen and advised to rest, increase his water intake and gargle with salt water.

---

[1] Although the Defendants alternatively moved for dismissal under Rule 12(b), the Plaintiff was advised that the court would treat the motion as one for summary judgment. *See* Order (Doc. 27) at 1. The Plaintiff was invited to submit counter-affidavits and other evidentiary materials, *see id.* at 2, but he has filed no response.

Gaona's complaints of a sore throat continued through July, 2005. During that time, he was examined by medical personnel on more than thirty-five occasions. Subsequent throat cultures were normal, and he was treated regularly with antibiotics and other medications.

His case also was twice referred to a Utilization Review Committee ("URC"). The URC was chaired by the clinical director, the medical personnel involved with Gaona's treatment, and a chaplain or social worker. After its reviews, the URC declined to refer Gaona's case to a medical provider outside the institution. The URC findings were based on clinical evaluations, throat cultures, laboratory testing and other procedures; there was no evidence that Gaona suffered from a chronic throat infection, pneumonia or any other serious medical condition. Instead, he was diagnosed with throat irritation resulting from allergies, post-nasal drip, dry mouth and/or reflux disease. See Defs.' Br. (Doc. 26) at 3-5 (citing record evidence).

**ANALYSIS**

    A.    **The Eighth Amendment Claim**

To succeed on his Eighth Amendment claim, the Plaintiff must show the Defendants acted with deliberate indifference. See generally Singletary v. Pennsylvania D.O.C., 266 F.3d 186, 193 n.2 (3d Cir. 2001). The Defendants must have "know[n] of and

disregard[ed] an excessive risk to inmate health or safety." *Id.* (citation and internal quotations omitted).  In an action alleging failure to provide adequate medical treatment, moreover, "[i]t is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate indifference." *Id.* (citation and some internal quotations omitted).

Here, the evidence reveals that the Defendants acted responsibly in attending to Gaona's medical needs.  He was examined by medical professionals on numerous occasions, treated consistently with medicine, and his condition was diagnosed clinically through a series of laboratory tests.  The Plaintiff has failed to show that the Defendants were deliberately indifferent to a serious medical need, and summary judgment is appropriate.

### B.    The First Amendment Claim

The Plaintiff claims that Defendant Golden "made gestures against the plaintiff practicing his religious faith, in accustom to ('Jewish') laws, unbecoming or questioning plaintiff's religious head dressing ('Yarmulke') [sic]."  *See* Compl. at ¶ 14.

He further asserts that anti-Semitism motivated his alleged inadequate medical treatment.  *Id.*  These claims are without merit.

First, Gaona's treatment records dispel any notion that he received anything less than adequate medical care. *See* discussion *supra*. Second, mere verbal harassment does not amount to a constitutional violation. *See* <u>Williams v. Pennsylvania, Department of Corrections</u>, 2005 WL 1950801, *3 (3d Cir. Aug. 16, 2005) ("verbal comments, although regrettable, do not rise to the level of a constitutional violation"); *see also* <u>Morgan v. Ward</u>, 699 F. Supp. 1025, 1055 (N.D.N.Y. 1988) *and* <u>Williams v. Pecchio</u>, 543 F. Supp. 878, 879-80 (W.D.N.Y. 1982) (holding same).

The Plaintiff has failed to show the violation of a constitutionally protected right, and the Defendants' Motion should be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by November 24, 2006. Responses to objections are due by December 4, 2006.

November 8, 2006

cc:

Alonza Lopera Gaona
c/o Ms. Patty Mesa
827 June Road
Pennsauken, NJ  08110

Paul D. Kovac, Esq. (via email)

*Francis X. Caiazza*
Francis X. Caiazza
U.S. Magistrate Judge